# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

ANTHONY ANDRE SHARP,
CDCR #K-41609,

        Plaintiff,

vs.

BONNIE DUMANIS, et al.,

        Defendants.

Case No.: 3:19cv00201-JAH-AGS

**ORDER:**

**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]**

**AND**

**2) DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1)**

Anthony Andre Sharp ("Plaintiff"), a prisoner incarcerated at the Correctional Training Facility in Soledad, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, together with a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF Nos. 1, 2.)

///

Plaintiff claims the former San Diego County District Attorney and two unidentified deputy district attorneys violated his Eighth and Fourteenth Amendment rights in 2011 and 2012 by failing to notify him of the potential health risks of serving his sentence at Coalinga State Prison—where he claims to have contracted disseminated Valley Fever in 2016. (Compl., ECF No. 1 at 2, 4-5, 9.) He seeks $20,200,000 in general and punitive damages. (*Id.* at 8, 15.)

## I. Motion to Proceed IFP

### A. Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face … additional hurdle[s]." *Id.*

Specifically, in addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner

litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B.  Discussion

As an initial matter, the Court has reviewed Plaintiff's Complaint, and finds it does not contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, as described above, Plaintiff seeks to sue the San Diego County district attorneys who prosecuted him in 2011 and/or 2012 based on allegations that they failed to foresee and/or prevent him from contracting Valley Fever years later while he was serving his sentence in a state prison hundreds of miles away. (*See* Compl., ECF No. 1 at 4-5, 9-13.) Section § 1915(g)'s "imminent danger" exception cannot be triggered

solely by complaints of past harm. *See Cervantes*, 493 F.3d at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint."); *see also Parker v. Montgomery Cty. Corr. Facility/Bus. Office Manager,* 870 F.3d 144, 154 n.12 (3d Cir. 2017) ("Although prison can undoubtedly be a dangerous place, incarceration alone does not satisfy the requirement of "imminent danger of serious physical injury" for purposes of § 1915(g). Indeed, if it did, every prisoner would be entitled to IFP status and the exception would swallow the rule.") (citation omitted).

And while Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Therefore, this Court takes judicial notice of its own records and other court's public records available on PACER, and finds that Plaintiff Anthony A. Sharp, identified as CDCR #K-41609, while incarcerated, has filed at least four prior prisoner civil actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1) *Sharp v. Cal. State Prison Corcoran Medical Staff, et al.*, Civil Case No. 1:99-cv-05550-OWW-DLB (E.D. Cal., Oct. 25, 1999 Order Dismissing Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A with leave to amend) (ECF No. 7); (E.D. Cal. Feb. 16, 2000 Findings and Recommendations ["F&R"] to Dismiss for failure to obey court Order to amend) (ECF No. 9); and (E.D. Cal. March 24, 2000 Order Adopting F&R and Dismissing Case) (ECF No. 10) (strike one);[1]

2) *Sharp v. County of San Diego, et al.*, Civil Case No. 3:99-cv-01685-J-AJB (S.D. Cal., April 4, 2000 Report and Recommendation ["R&R"] Regarding Defendants' Motion to Dismiss Plaintiff's claims as time-barred pursuant to Fed. R. Civ. P. 12(b)(6)) (ECF No. 24); (S.D. Cal. May 23, 2000 Order Adopting R&R and Dismissing First Amended Complaint with prejudice) (ECF No. 29) (strike two);[2]

3) *Sharp v. Mueller, et al.,* Civil Case No. 2:03-cv-01354-EJG-DAD (E.D. Cal., August 19, 2003 F&R to Dismiss Amended Complaint for Failing to State a Claim pursuant to 28 U.S.C. § 1915A) (ECF No. 10); (Sept. 5, 2003 Order Adopting F&R and Dismissing Action with prejudice for failure to state a claim upon which relief can be granted) (ECF No. 12) (strike three); and

///

---

[1] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, and (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

[2] *See Belanus v. Clark*, 796 F.3d 1021, 1053 (9th Cir. 2007) (dismissals for failure to state a claim because claims were time-barred may be counted as strikes pursuant to 28 U.S.C. § 1915(g)).

| | |
|---|---|
| 1 | 4) *Sharp v. Mims, et al.,* Civil Case No. 2:13-cv-00534-AWI-BAM (E.D. Cal., May 23, 2014 F&R to dismiss action for failure to state a cognizable section 1983 claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A) (ECF No. 23); (July 1, 2014 Order Adopting F&R Regarding Dismissal of Action for Failure to State a Claim) (ECF No. 25) (strike four). |

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this civil action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").[3]

## II. Sua Sponte Screening pursuant to 28 U.S.C. § 1915A(b)

The Court is also required to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). Pursuant to this provision of the PLRA, the Court must review prisoner complaints which "seek[] redress from a governmental entity or officer or employee of a

---

[3] In fact, Plaintiff has been denied leave to proceed IFP pursuant to 28 U.S.C. § 1915(g) in the Southern District of California before. *See Sharp v. Duffy*, S. D. Cal. Civil Case No. 3:07-cv-00161-LAB-LSP (March 5, 2007 Order) (ECF No. 3); *Sharp v. Dumanis, et al.*, S.D. Cal. Civil Case No. 3:17-cv-02460-BAS-NLS (Jan. 5, 2018 Order) (ECF No. 5); and *Sharp v. Jacob, et al.*, S.D. Cal. Civil Case No. 3:18-cv-00737-MMA-WVG (May 29, 2018 Order) (ECF No. 3).

government entity," and dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(b)(1)-(2); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

Regardless of whether Plaintiff paid the full filing fee, or was eligible to proceed IFP, the Court's preliminary review of his Complaint also shows his case is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because it is duplicative of another civil rights Complaint he filed in the Southern District of California in 2017. *See Sharp v. Dumanis, et al.*, S.D. Cal. Civil Case No. 3:17-cv-02460-BAS-NLS ("*Dumanis I*") (ECF No. 1); *Bias,* 508 F.3d at 1225.

A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). In *Dumanis I*, Plaintiff alleged, as he does in this case, that former San Diego County District Attorney Bonnie Dumanis and two deputy district attorneys named only as Does, violated his Eighth Amendment rights by "filing a petition to have [him] committed to Coalinga State Hospital" in 2011, and failing to warn him that he "could potentially be exposed" to Valley Fever there. *Compare* Compl., ECF No. 1 in 17cv2460-BAS-NLS at 1-4, 17, *with* Compl., ECF No. 1 in 19cv0201-JAH-AGS at 1-2, 4-5.

Because Plaintiff previously sought to bring the identical claims presented in the instant action against the same parties in *Dumanis I,* the Court must also dismiss this duplicative and subsequently filed civil case pursuant to 28 U.S.C. § 1915A(b)(1). *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1; *see also Adams v. Cal. Dep't of*

*Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

### III. Conclusion and Orders

For the reasons explained, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP (Doc. No. 2) as barred by 28 U.S.C. § 1915(g);

2) **DISMISSES** this civil action based on Plaintiff's failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a) and as frivolous pursuant to 28 U.S.C. § 1915A(b)(1);

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

4) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: April 29, 2019

Hon. John A. Houston
United States District Judge